

# NUMBER 13-06-699-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **REBECCA PENA SOLIS,** | **Appellant,** |
| **v.** | |
| **INTERNATIONAL BANK OF COMMERCE,** | **Appellee.** |

### On appeal from the County Court at Law No. 5 of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Vela
### Memorandum Opinion by Justice Yañez

Through one issue, appellant, Rebecca Pena Solis, argues that the trial court erred in dismissing with prejudice her claims against International Bank of Commerce ("IBC"). We affirm.

### I. Background

On October 2, 2003, IBC brought suit against Solis after she allegedly defaulted on the payment of a note. Solis denied IBC's allegations and brought counterclaims against IBC. On October 16, 2004, the trial court granted IBC's plea in abatement, ordering Solis to arbitrate her claims against IBC before the American Arbitration Association ("AAA"). On April 19, 2006, the trial court, upon finding that neither party had initiated arbitration proceedings with the AAA, ordered the following:

> [I]n order to preserve the claims and/or causes of action set forth in this cause, arbitration proceedings must be initiated by filing a Demand for Arbitration with the American Arbitration Association, within 60 days of the date of this Order. In the event that neither party initiates such proceedings within said time period, this cause will be dismissed with prejudice.

On September 18, 2006, the trial court entered an order in which the court (1) found that no filing had been made with the AAA within the 60 days allotted by the April 19 order, and (2) ordered IBC's and Solis's claims dismissed with prejudice. Solis then filed a motion for new trial, arguing that the abatement prevented the trial court from dismissing her claims, and, in the alternative, that the trial court should amend its order so it dismisses her claims "without prejudice." The motion for new trial was denied. This appeal then ensued.[1]

## II. Applicable Law

"An abatement is a present suspension of all proceedings in a suit."[2] In that context, "suspend" means "to interrupt; to cause to cease for a time; to postpone; to stay, delay, or hinder; to discontinue temporarily, but with an expectation or purpose of resumption."[3]

---

[1] IBC does not appeal the dismissal of its claims.

[2] *Permanente Med. Ass'n of Tex. v. Johnson*, 917 S.W.2d 515, 517 (Tex. App.–Waco 1996, orig. proceeding).

[3] BLACK'S LAW DICTIONARY 1446 (6th ed. 1979).

2

Generally, an abatement is sought to challenge the plaintiff's pleadings by asserting that facts outside the pleadings prevent the suit from going forward in its present condition.[4] By granting an abatement, the trial court gives the plaintiff an opportunity to cure the defect.[5] Once granted, an abatement precludes the trial court and the parties from going forward on a case until the defect or obstacle is removed.[6]

### III. Discussion

Solis raises the following argument on appeal: "The abatement prevents both the court and the parties from taking action in the case. The trial court, in entering the order of dismissal of September 18, 2006, took an action that the abatement had suspended. The order is invalid." We disagree.

In *3V, Inc. v. JTS Enterprises*, the Houston Fourteenth Court of Appeals observed the following:

> [I]t is well established that Texas trial courts have wide discretion in managing their dockets. A trial judge has a duty and obligation to maintain control of the docket and to require parties to prosecute their suits with diligence. In that regard, it is well-settled law that, if a trial court discovers that the plaintiff had failed to correct a defect or impediment to suit after an abatement has been granted, the trial court may properly dismiss the plaintiff's case.[7]

---

[4] *See Tex. Highway Dep't v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967); *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 354 (Tex. App.–San Antonio 1999, no pet.).

[5] *See Martin*, 2 S.W.3d at 354.

[6] *See Am. Online, Inc. v. Williams*, 958 S.W.2d 268, 272 (Tex. App.–Houston [14th Dist.] 1997, no pet.); *see also In re Kimball Hill Homes Tex., Inc.*, 969 S.W.2d 522, 527 (Tex. App.–Houston [14th Dist.] 1998, orig. proceeding).

[7] 40 S.W.3d 533, 539-40 (Tex. App.–Houston [14th Dist.] 2000, no pet.) (citations and internal quotations omitted). A trial court can also properly dismiss a plaintiff's claims for failure to comply with its orders pursuant to section 21.001(a) of the Texas Government Code. TEX. GOV'T CODE ANN. § 21.001(a) (Vernon 2004) ("A court has all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction.");

In the instant case, it was inherent within the trial court's order that the arbitration would be completed within a reasonable time;[8] it is folly to believe that the trial court intended the abatement to be infinite in duration. The trial court gave Solis approximately twenty months to initiate arbitration proceedings before finally dismissing her case. During that time, Solis elected to continue making filings in the trial court, rather than initiate filings with the AAA.[9] When the trial court made clear its intent to dismiss with prejudice Solis's claims if arbitration proceedings were not initiated within 60 days, Solis still made no filing with the AAA. In light of these facts, we find that the trial court did not abuse it discretion in dismissing Solis's claims.[10]

In a two-sentence argument, Solis states the following: "Any dismissal of a case under abatement is without prejudice. The dismissal order of September 18, 2006 is invalid as a dismissal with prejudice."[11] Solis thus appears to argue that, even if the trial court could dismiss her claims, the law steadfastly barred the court from dismissing with prejudice. To support her position, Solis only cites this Court's opinion in *M & M Construction Company v. Great American Insurance Company*.[12] In that case, M & M

---

see *Sherman v. Triton Energy Corp.*, 124 S.W.3d 272, 279-80 (Tex. App.–Dallas 2003, pet. denied) (finding that section 21.001(a) provided the trial court with a legal basis to dismiss a party's claims due to the party's failure to follow a court order).

[8] *See 3V, Inc.*, 40 S.W.3d at 540.

[9] The trial court's April 19 order reveals that Solis filed a motion for partial summary judgment with the trial court during the abatement period. Solis's motion was denied because it was not properly before the court.

[10] *See Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 620 (Tex. App.–Corpus Christi 2000, pet. denied) ("The standard of appellate review of a dismissal is to inquire whether the trial court abused its discretion.").

[11] (Citation omitted).

[12] 747 S.W.2d 552 (Tex. App.–Corpus Christi 1988, no writ).

appealed after its claims were dismissed with prejudice.[13]  We held that the trial court erred in dismissing because the court did not afford M & M a reasonable opportunity to amend its pleadings to cure its lack of capacity to sue.[14]  We noted, however, that "[i]n the event that [M & M] refuses or is unable to cure its lack of capacity to sue, a dismissal would then be appropriate."[15]  Accordingly, *M & M* negates Solis's contention that a trial court is forever barred from dismissing with prejudice a case that is under abatement.  Confined to the very limited argument raised by Solis on appeal, we find she has failed to articulate any acceptable basis as to why the trial court abused its discretion in dismissing her claims with prejudice.[16]  We thus overrule Solis's sole issue on appeal.

## IV. Conclusion

We affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 22nd day of January, 2009.

---

[13] *Id.* at 554.

[14] *Id.* at 555.

[15] *Id.*

[16] Solis does not explain how, given the specific facts of this case, the trial court abused its discretion in dismissing with prejudice.